IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:93-CR-00042-F-3

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| ISAAC PERRY, | ) |
| Defendant. | ) |

This matter is before the court on Isaac Perry's Petition for Writ of Audita Querela [DE-57] and Motion to Appoint Counsel [DE-58]. In his Petition for Writ of Audita Querela, Perry argues that he is entitled to relief from his sentence pursuant *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *United States v. Booker*, 543 U.S. 220 (2005), on the basis that his indictment failed to allege a specific drug quantity. In his Motion to Appoint Counsel, Perry asserts that he is indigent and is entitled to the appointment of counsel to assist him with his "Audita Querela proceeding."

A "writ of audita querela is not available to a petitioner when other remedies exist, such as a motion to vacate under 28 U.S.C. § 2255." *Alonzo v. United States*, 368 Fed. Appx. 467, 2010 WL 750074, at *1 (4th Cir. 2010) (internal quotation marks and citation omitted). The fact that a petitioner may not proceed under § 2255 unless he obtains authorization from the court of appeals does not alter this conclusion. *See Carrington v. United States,* 503 F.3d 888, 890 (9th Cir. 2007) ("[T]he statutory limits on second or successive habeas petitions do not create a 'gap' in the post-conviction landscape that can be filled with the common law writs.")

Perry already has unsuccessfully pursued collateral relief by filing a § 2255 motion. The instant Petition for Writ of Audita Querela seeks to bring a new challenge to Perry's sentence.

For this reason, the undersigned finds that Perry's efforts are little more than a thinly veiled attempt to proceed with a successive habeas petition. Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Perry may not circumvent this requirement by raising claims in a writ of audita querela. With respect to his Motion to Appoint Counsel, there is no constitutional right to such counsel. *See Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions.") (citation omitted).

In light of the foregoing, Perry's Petition for Writ of Error Audita Querela [DE-57] and his Motion to Appoint Counsel [DE-58] are DENIED. The undersigned further concludes that Perry has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is also DENIED.

SO ORDERED.

This, the 5th day of December, 2013

James C. Fox
James C. Fox
Senior United States District Judge