IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:93-CR-00042-F-3

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ISAAC PERRY, | ) | |
| Defendant. | ) | |

This matter is before the court on Isaac Perry's Motion for Relief Pursuant to 28 U.S.C. § 1651 [DE-76]. In his motion, Perry argues that he is entitled to relief pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

The court concludes that Perry is attempting to litigate a claim more appropriately raised in a motion to vacate pursuant to 28 U.S.C. § 2255. *See United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003) (stating that district courts are bound to "classify *pro se* pleadings from prisoners according to their contents, without regard to their captions."). Perry previously filed a § 2255 that was denied. *See* August 12, 1997 Order. Thus, Perry's motion is a second or successive § 2255 motion.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In this case, Perry must first obtain an order from the Fourth Circuit Court of Appeals before this court will consider any successive petition under 28 U.S.C. § 2255.

Perry has provided no evidence that he has secured the necessary authorization from the

Fourth Circuit. Consequently, this court is without jurisdiction to consider Perry's motion seeking collateral relief, and therefore, his Motion [DE-76] must be DISMISSED as successive.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) (A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (Where a court has rejected the constitutional claims on their merits, a petitioner must demonstrate that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong, but when a court denies relief on procedural grounds, the petitioner must demonstrate that jurists of reason would find it debatable whether the court's procedural ruling was correct.).

SO ORDERED.

This the 15 day of September, 2016.

JAMES C. FOX
Senior United States District Judge