IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:93-CR-42-BO-3

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ISSAC PERRY | ) | |
| | ) | |

This cause comes before the Court on defendant's motion seeking a downward departure under 18 U.S.C. § 3553(a)(1). [DE 79]. The government has responded, [DE 83], and the matter is ripe for disposition.

The Antiterrorism and Effective Death Penalty Act of 1996 provides that a second or successive § 2255 petition must be certified by a panel of the appropriate court of appeals to contain either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)–(2). Absent pre-filing authorization, this Court lacks jurisdiction to consider a second or successive petition. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

The relief which defendant seeks in his motion is that which would be provided by a successful motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner has previously filed a motion pursuant to 28 U.S.C. § 2255 which was denied on the merits. Therefore, this additional motion must be properly construed as a second or successive § 2255 motion. *See Winestock*, 340 F.3d at 207 (in determining whether a motion should be construed as one under § 2255. "[t]here may be no infallible test . . . but a relatively

straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application.").

Generally, a court must notify a petitioner before recharacterizing a motion as being subject to § 2255's requirements. *Castro v. United States*, 540 U.S. 375 (2003). However, this "notice before recharacterization" requirement does not apply to situations in which a petitioner has already had a previous § 2255 motion dismissed on the merits. *See United States v. Emmanuel*, 288 F.3d 644, 650 (4th Cir. 2002). Because this motion is properly construed as a second or successive § 2255 petition, and is therefore procedurally barred, notice to petitioner is not required and it is properly denied. *See also United States v. Brown*, 132 F. App'x 430, 431 (4th Cir. 2005) (unpublished).

Therefore, for the foregoing reasons, defendant's motion motions [DE 79] is DENIED.

SO ORDERED, this __1__ day of July, 2017.

                                                   TERRENCE W. BOYLE
                                                   UNITED STATES DISTRICT JUDGE